UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 17-94 |
| ANGIE CAMBRE | SECTION "R" (4) |

### ORDER AND REASONS

Before the Court is defendant Angie Cambre's motion for early termination of supervised release.[1]  The Government opposes the motion.[2] For the following reasons, the Court denies Cambre's motion.

### I.   BACKGROUND

On August 2, 2017, Angie Cambre pleaded guilty to a one-count Bill of Information charging her with wire fraud, in violation of 18 U.S.C. § 1343.[3] The Court sentenced Cambre to a term of imprisonment of thirty-three months, to be followed by three years of supervised release.[4]  The Court also ordered Cambre to pay $940,336.24 in restitution.[5] Cambre represents that

---

[1]   R. Doc. 31.
[2]   R. Doc. 33.
[3]   R. Docs. 15 & 17.
[4]   R. Doc. 28 at 2-3.
[5]   *Id.* at 6.

she was released from prison and has served twenty-three months of her thirty-six month term of supervised release.[6] Cambre now moves for early termination of her supervised release.[7] The Government opposes her motion on the grounds that Cambre has not identified any "changed circumstances" to justify her request, and because she pleaded guilty to a years-long fraud and "still has a long way to [go to] satisfy [her] restitution obligation."[8] The Court considers the parties' arguments below.

## II. LEGAL STANDARD

Under 18 U.S.C. § 3583(e)(1), a court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice," after considering the factors set forth in 18 U.S.C. § 3553(a). Among the factors the Court must weigh are the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence to deter criminal conduct, the need to protect the public, the need to provide the defendant with educational or vocational training, the need to

---

6   R. Doc. 31 at 1.
7   *Id.* at 3.
8   R. Doc. 33 at 4-6.

provide restitution to any victims of the offense, and the kinds of sentences and sentencing ranges available. *See* 18 U.S.C. § 3553(a). Section 3583(e)(1) provides courts with broad discretion in determining whether to terminate supervised release. *United States v. Jeanes*, 150 F.3d 483, 484 (5th Cir. 1998).

### III. DISCUSSION

In support of her motion, Cambre asserts that while incarcerated she received a Horticulture Certification through Texas A&M University and has used that credential to obtain employment for the last two years at Perino's Garden Center.[9] She also notes that she has complied with the conditions of her supervised release, including her restitution obligation.[10] Cambre further notes that she seeks early termination to pursue opportunities in the commercial truck driving industry, and contends that most companies refuse to hire individuals under supervised release.[11]

Although the defendant has so far complied faithfully with the terms and conditions of her supervised release, the Court nevertheless finds that that early termination of Cambre's supervised release is not warranted.

---

9    *Id.* at 3.
10   *Id.*
11   *Id.*

3

"Courts have generally held that something more than compliance with the terms of [supervised release] is required to justify early termination; early termination is usually granted only in cases involving changed circumstances, such as exceptionally good behavior." *United States v. Reed*, No. 15-100, 2020 WL 4530582, at *2 (E.D. La. June 5, 2020) (quoting *United States*, No. 10-53, 2014 WL 68796, at *1 (S.D. Miss. Jan. 8, 2014)).

Here, Cambre's compliance with the terms of her supervised release is "commendable, [but] not exceptional,"[12] and does not constitute changed or exceptional circumstances that warrant early termination. *See id.* ("Proof of compliance with the terms of supervised release does not equate to 'exceptionally good' behavior and does not, by itself, justify early termination."). Similarly, defendant's desire to pursue opportunities in the commercial truck driving industry is insufficient to warrant early termination. *See United States v. Arledge*, No. 06-18, 2015 WL 3504845, at *2 (S.D. Miss. June 3, 2015) ("[A]lthough the supervised release may inhibit [defendant's] ability to find more lucrative employment, this does not warrant early termination."); *Reed*, 2020 WL 4530582, at *3 ("While the Court is sympathetic to [defendant's] claim that he 'cannot work in his

---

12    *Id.* at 4.

4

chosen field' while he is on probation, this is not enough to demonstrate 'changed circumstances' warranting termination of his probation.").

Moreover, the factors listed in section 3553(a) weigh against early termination of Cambre's supervised release. The offense for which Cambre is serving supervised release stemmed from her embezzlement of almost one million dollars from her employer in a series of over 3,000 individual transactions.[13] Cambre enjoyed the fruits of her criminal behavior for almost five years, and spent the embezzled money on personal goods and travel expenses.[14] Further, Cambre has paid only a fraction of her outstanding restitution obligation.[15] The Court thus finds that completion of Cambre's term of supervised release is appropriate to reflect the seriousness of her crime, to deter her from future criminal conduct, and to provide restitution to the victims of her offense.

---

[13]   R. Doc. 16 at 2-4.
[14]   *Id.* at 3-4.
[15]   R. Doc. 33 at 6.

5

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Cambre's motion for early termination of her supervised release.

New Orleans, Louisiana, this ___7th___ day of July, 2022.

_____Sarah Vance_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE